UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 2:25-CV-167-GSL-AZ |
| SAFETY-KLEEN SYSTEMS, INC., | |
| Defendant. | |

## **OPINION AND ORDER**

On April 10, 2025, Defendant Safety-Kleen Systems filed their Motion to Dismiss at [DE 12], with their Memorandum in Support filed at [DE 13]. Plaintiff responded at [DE 14], and Defendant replied at [DE 15]. Then, on January 26, 2026, Defendant filed a Motion to Supplement at [DE 23], which Plaintiff responded at [DE 24], and which the Court granted at [DE 25]. Having reviewed the briefing, the Court is ready to rule.

*Background*

Defendant Safety-Kleen operates an oil "re-refining" facility in East Chicago, which recycles oil for reuse. [DE 13, Page 1]. As a part of its process, Defendant discharges wastewater from its facility into a public sewer operated by East Chicago Sanitary District ("ECSD"). [*Id.*]. Defendant is required to treat the wastewater *before* releasing it into the ECSD sewer, in accordance with pretreatment standards. The pretreatment standards, which are used to enforce the Clean Water Act, are implemented via municipal ordinances found in the East Chicago Code. [*Id.* at 5]. Here, Plaintiff, the United States on behalf of the Environmental Protection Agency, seeks to enforce the local regulations against Defendant. [DE 1].

*Legal Standard*

When deciding a Rule 12(b)(7) motion to dismiss, the Court must first determine that the party to be joined satisfies the threshold requirements of Rule 19(a), and then will apply 19(b). *Crace v. Robert Weed Plywood Corp.*, 2024 U.S. Dist. LEXIS 172246, at *6-7 (N.D. Ind. Sept. 24, 2024) (citing *Boulevard Bank Nat'l Ass'n v. Philips Medical Sys. Int'l*, 15 F.3d 1419, 1422-23 (7th Cir.1994)). Rule 19(a) requires joinder when the presence of the party to be joined is essential to the litigants' complete relief, or when the party to be joined must be present to protect its own or another party's interests. Fed. R. Civ. P. 19(a). If the court finds that the requirements of Rule 19(a) are satisfied, it may dismiss the action if, after weighing four additional factors specified in Rule 19(b), those factors so indicate. *Boulevard Bank Nat'l Ass'n*, 15 F.3d at 1422-23; *see Taylor v. Chater*, 907 F. Supp. 306, 309 (N.D. Ind. 1995). To succeed, the proponent of a Rule 12(b)(7) motion to dismiss has the burden of producing evidence which shows the nature of the absent party's interest, and that the protection of that interest will be impaired or impeded by the absence. *Chater*, 907 F. Supp at 309.

*Discussion*

Pursuant to the authority contained in 33 U.S.C. § 1317, the United States Environmental Protection Agency promulgated pretreatment regulations which established the responsibilities of federal and local governments, industries, and the public to implement pretreatment standards controlling the level of pollutants passing through or interfering with treatment processes in Publicly Owned Treatment Works ("POTW"). 40 C.F.R. 403.1(a). The pretreatment regulations define, in detail, what constitutes an approvable program under 40 C.F.R. 403.8(f) and 403.9(b).

> A pretreatment program must, at a minimum, contain: (1) a survey of industrial users and their actual and potential discharges to the treatment system; (2) a detailed technical evaluation, including industrial use monitoring and laboratory analysis, of the potential

2

for interference with the operation of the treatment system, the discharge of pollutants that would adversely impact receiving waters, and an analysis of sludge to prevent interference with the POTW and to prevent inappropriate sludge disposal, **(3) a municipal ordinance that allows the POTW to implement and enforce both categorical pretreatment standards and local limits that are needed to prevent interference;** and (4) a plan for implementation of the pretreatment program which typically includes an identification of user reporting requirements, inspection procedures, budgeting for equipment, and support personnel.

*United States v. Lafayette*, 1985 U.S. Dist. LEXIS 13133, at *4-6 (N.D. Ind. Dec. 5, 1985).

One of the requirements of a pretreatment program is that a municipal ordinance be implemented to allow the Publicly Operated Treatment Works to enforce the required Clean Water Act standards. The ECSD, as a Publicly Operated Treatment Works, did just that, and enacted ordinances to implement the necessary Clean Water Act standards. Recently, ECSD sought to enforce those ordinances against Defendant; these disputes were resolved via the settlement agreement.

Rule 19(a) requires joinder when the presence of the party to be joined is essential to the litigants' complete relief, or when the party to be joined must be present to protect its own or another party's interests. Fed. R. Civ. P. 19(a). The Court agrees with Defendant that ECSD has "deep involvement with functionally every aspect of this matter" and "holds the primary authority to enforce its regulations…". [DE 13 at 6]. And, because the municipal ordinances are locally implemented federal standards, it would appear that at least one of Plaintiff's claims against Defendant may have been resolved via the settlement agreement with ECSD.

Furthermore, Defendant argues that because compliance may require changes to Defendant's operations, ECSD may be impacted; this Court agrees with that assessment. [DE 15 at 6]. As one example, if a permit change is needed, ECSD, not the EPA, will have to make that alteration. Similarly, as another example, if changes to monitoring or testing must occur, ECSD

must implement those changes, not the EPA, and those changes would have to align with the settlement agreement executed, and any other obligations which exist between Defendant and ECSD.

Plaintiff argues that this action "concerns [Defendant's] noncompliance with its federally enforceable pretreatment standards," not ECSD's noncompliance. [DE 14 at 9]. But here, where ECSD implemented municipal ordinances and then used those municipal ordinances to enforce the federal pretreatment standards against Defendant, the Court has concerns regarding issue preclusion. Plaintiff asserts that complete relief will mean Defendant must comply with the pretreatment standards. However, this is perplexing to the Court, because compliance with the pretreatment standards is already required under both federal law and the executed settlement agreement with ECSD.

Plaintiff also argues that if any changes are required to Defendant's pretreatment facilities or processes, "the Court could craft an injunction that mandates [Defendant] take steps to come into compliance with pretreatment standards and ensures that [Defendant] still complies with its obligation not to interfere with ECSD's permit compliance." [DE 14 at 9]. This assertion on the part of Plaintiff is misplaced. The Court is left wondering how it could craft an appropriate injunction which also ensures that Defendant complies with its obligations to ECSD, if ECSD is not present to inform the Court of what those obligations are.

Finally, Plaintiff argues that "[f]or decades, federal courts of appeals and district courts have consistently held that local limits or pretreatment permits are enforceable under Section 307(d) as contemplated by 40 C.F.R. § 403.5(d)…". [DE 14 at 7]. However, Plaintiff fails to provide any caselaw from this district in support of that proposition. [DE 14 at 7].

Because this Court finds that the requirements of Rule 19(a) are satisfied, it now moves to Rule 19(b), to weigh the four additional factors and determine if dismissal is appropriate. *Boulevard Bank Nat'l Ass'n*, 15 F.3d at 1422-23; *see Chater*, 907 F. Supp. at 309. These factors are: 1) the extent to which a judgment entered in the absence of a party will be prejudicial to those currently before the court; 2) the extent to which such prejudice can be lessened or avoided by reshaping the judgment; 3) whether a judgment entered in a party's absence will be adequate; 4) whether the plaintiff will have an adequate remedy if the action is dismissed. *Moore v. Ashland Oil, Inc.*, 901 F.2d 1445, 1447 (7th Cir. 1990).

Here, each of these factors weigh in favor of dismissing this action. Entering judgment in favor of Plaintiff without ECSD could give Defendant inconsistent or duplicative obligations. The Court fails to see how this prejudice could be lessened by "reshaping the judgment" when, as Defendants pointed out, ECSD will be implementer of relief to Plaintiff. For this same reason, the Court believes that a judgment entered in ECSD's absence will be inadequate, because the Court remains unsure it can award relief to Plaintiff which instructs ECSD to act in accordance with that relief when ECSD is itself not present. Finally, Plaintiff has not provided this Court with any reason why Plaintiff will otherwise have an inadequate remedy if this action is dismissed. Because Plaintiff and ECSD are intricately interwoven in the enforcement scheme which Defendants have allegedly violated and which Plaintiff seeks to redress, this Court finds that ECSD is a necessary party, that the requirements of 19(b) are satisfied, and that this matter must be dismissed.

*Conclusion*

For the foregoing reasons, Defendant's Motion to Dismiss, [DE 12], is GRANTED. Plaintiff is, however, granted leave to amend the Complaint. If Plaintiff fails to amend the Complaint to join the East Chicago Sanitary District by April 6, 2026, then the clerk will be directed to dismiss this matter without further notice to the parties.

SO ORDERED.

ENTERED: March 3, 2026

/s/ GRETCHEN S. LUND
Judge
United States District Court