**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>and<br><br>STATE OF INDIANA,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>SAFETY-KLEEN SYSTEMS, INC., et al.,<br><br>Defendants. | ) | Case No. 2:25-cv-00167 |

**SAFETY-KLEEN'S MOTION TO CONTINUE THE RULE 16 PRELIMINARY PRETRIAL CONFERENCE**

Pursuant to N.D. Ind. L.R. 16-3, Defendant Safety-Kleen Systems, Inc. ("Safety-Kleen") respectfully requests that the Court continue the Rule 16 Preliminary Pretrial Conference currently set for October 8, 2026 (ECF 64). In support of this motion, Safety-Kleen states as follows:

1. On April 6, 2026, Plaintiff the United States of America on behalf of the U.S. Environmental Protection Agency ("EPA") filed an Amended Complaint (ECF 32) ("Amended Complaint") adding East Chicago Sanitary District and the City of East Chicago (collectively, "East Chicago") as defendants.

2. On June 5, 2026, East Chicago filed a Combined Answer to the Amended Complaint with a Cross-Claim Against Safety-Kleen (ECF 49).

3. On July 1, 2026, counsel for Plaintiff-Intervenor the State of Indiana ("Indiana") filed an Amended Intervenor Complaint (ECF 57) ("Amended Intervenor Complaint").

4. On August 12, 2026, Safety-Kleen filed its Answer to East Chicago's Cross-Claim (ECF 60). On the same date, East Chicago filed its Answer to the Amended Intervenor Complaint (ECF 63).

5. Safety-Kleen has filed motions to dismiss both the Amended Complaint and the Amended Intervenor Complaint. (ECF 40, 41, 61, 62). Safety-Kleen has not filed an answer to the Amended Complaint or the Amended Intervenor Complaint.

6. The motion to dismiss the Amended Complaint is fully briefed. *See* ECF 47, 51.

7. Indiana's response to the motion to dismiss the Amended Intervenor Complaint is currently due September 2, 2026.

8. Because most of the claims in this case are subject to pending motions to dismiss, Safety-Kleen respectfully requests that the Rule 16 Preliminary Pretrial Conference set for October 8, 2026 be continued until the motions to dismiss the Amended Complaint and Amended Intervenor Complaint are fully resolved.

9. Deferring the Rule 16 Preliminary Pretrial Conference until the pending motions to dismiss are fully resolved will serve judicial economy and efficiency because the parties will know which claims remain in the case for purposes of initiating the discovery process. *See, e.g.*, *Hutchison v. Kelling*, 2024 WL 1655479 at *18 (E.D. Wis. 2024) ("When a defendant *answers* the complaint this court orders the parties to confer regarding a Rule 26(f) report in anticipation of a Rule 16 scheduling conference. If a defendant files a motion to dismiss in lieu of an answer, the court does not hold a scheduling conference; it would be a waste of time to do so if the court grants the motion to dismiss."); *see also Norman v. Mauser Packing*, 2023 WL 3597711 at *3 (N.D. Ind. 2023) (the Court advised the parties that a Rule 16(b) scheduling would not take place until it ruled on the pending motions to dismiss); *see also Ballentine v. Birkett*, 2014 WL 174776 at *2 (N.D.

Ind. 2014) ("After the complaint and answer were filed in this case, the Court scheduled a Preliminary Pretrial Conference. This pretrial conference was vacated to be reset after the Court had ruled on the [defendants'] Motion to Dismiss. The instant motion to dismiss was filed the day after the [defendants'] motion had been ruled on, leaving the same rationale in place for waiting to reset the pretrial conference until the Court could rule on the motion.").

10. If the Rule 16 Preliminary Pretrial Conference is not continued until the pending motions to dismiss are fully resolved, the parties will be forced to begin discovery procedures, such as holding a Rule 26(f) conference, filing initial disclosures, and filing a joint proposed discovery plan, without knowing if certain of the claims in this case will be dismissed and therefore irrelevant to discovery plans.

11. Counsel for the parties conferred on August 19, 2026. Counsel for EPA and Indiana indicated their clients will oppose this motion. Counsel for East Chicago indicated its client will take no position on this motion.

**WHEREFORE**, Safety-Kleen respectfully requests that this Court grant this Motion to Continue the Rule 16 Preliminary Pretrial Conference until the pending motions to dismiss the Amended Complaint and the Amended Intervenor Complaint have been fully resolved.

Dated: August 20, 2026

Respectfully Submitted,

*/s/ Allen A. Kacenjar*

Allen A. Kacenjar (admitted *pro hac vice*)
Erik D. Lange
John D. Lazzaretti
Squire Patton Boggs (US) LLP
1000 Key Tower
127 Public Square

Cleveland, OH 44114
Telephone: 216.479.8500
Fax: 216.479.8780
allen.kacenjar@squirepb.com
erik.lange@squirepb.com
john.lazzaretti@squiprepb.com

*Counsel for Defendant Safety-Kleen Systems, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2026, a true and correct copy of the foregoing Safety-Kleen's Motion to Continue the Rule 16 Preliminary Pretrial Conference was filed electronically in the United States District Court for the Northern District of Indiana, Hammon Division, with notice of the same being electronically served by the CM/ECF system to all attorneys of record.

By:

*/s/ Allen A. Kacenjar*
Allen A. Kacenjar

*Counsel for Defendant Safety-Kleen Systems, Inc.*